**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RANDY LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BLUE OWL TECHNOLOGY FINANCE CORP., CRAIG W. PACKER, EDWARD D'ALELIO, MELISSA WEILER, CHRISTOPHER M. TEMPLE, ERIC KAYE, VICTOR WOOLRIDGE, JONATHAN LAMM, MATTHEW SWATT, SHARI WITHEM, and BLUE OWL CAPITAL INC.,<br><br>Defendants. | CASE NO. 1:26-cv-9634<br><br>**ECF Case** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1332(d), 1441, 1446, and 1453, Defendants, by and through their undersigned counsel, hereby remove the above-captioned action from the Supreme Court of the State of New York, County of New York ("State Court"), to the United States District Court for the Southern District of New York. Plaintiff's claims arise exclusively under federal law, and Plaintiff has pleaded this case as a putative class action that satisfies each requirement of the Class Action Fairness Act of 2005 ("CAFA"). None of CAFA's exceptions applies, and Section 22(a) of the Securities Act of 1933 (the "Securities Act") does not bar removal under CAFA.

## BACKGROUND

1. On October 5, 2026, Plaintiff Randy Lewis ("Plaintiff") filed this action in the State Court. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. The Complaint asserts claims under Sections 11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§77k, 77l(a)(2), and 77o. Plaintiff alleges that the offering materials for the registration of Blue Owl Technology Finance Corp. ("OTF") common stock issued in exchange for Blue Owl Technology Finance Corp. II ("OTF II") common stock in connection with the March 24, 2025 merger between OTF and OTF II (the "Merger") contained material misrepresentations and omissions. Compl. ¶1. Plaintiff alleges he was harmed when he received OTF shares in exchange for his OTF II shares. *Id.* ¶25.

3. Plaintiff styles the Complaint as a putative class action under Article 9 of the New York Civil Practice Law and Rules ("CPLR"), purporting to sue on his own behalf and on behalf of "all former shareholders of OTF II who received shares of OTF common stock" in the Merger. *Id.* ¶116.

4. Blue Owl Capital Inc. ("Blue Owl") was served with the Summons and Complaint on October 12, 2026. The Affidavit of Service Plaintiff filed in the State Court is attached hereto as **Exhibit B**.

5. OTF was served with the Summons and Complaint on October 14, 2026. The Affidavit of Service Plaintiff filed in the State Court is attached hereto as **Exhibit C**.

6. No other Defendant has been served.

7. The exhibits attached hereto contain copies of all process, pleadings, and orders served upon Defendants in the State Court action prior to removal of this action. 28 U.S.C. §1446(a).

## TIMELINESS OF REMOVAL AND PROPRIETY OF VENUE

8. This Notice of Removal is timely under 28 U.S.C. §1446(b) because it is filed within 30 days of service on Blue Owl and OTF. Venue is proper in this Court pursuant to 28

U.S.C. §1441(a) because the place where the State Court action was filed is located within the Southern District of New York.

9. A copy of this notice and all documents filed in support thereof will be filed with the Clerk of the Supreme Court of the State of New York in and for the County of New York in accordance with 28 U.S.C. §1446(d). Defendants will also serve all adverse parties with a copy of this Notice of Removal.

**PARTIES**

10. Plaintiff Randy Lewis is a resident of Tigard, Oregon, domiciled in Oregon, and a citizen of Oregon for purposes of 28 U.S.C. §1332.

11. Defendant OTF is incorporated in Maryland, has its principal place of business in New York, and is therefore a citizen of Maryland and New York for purposes of 28 U.S.C. §1332.

12. Defendant Blue Owl is incorporated in Delaware, has its principal place of business in New York, and is therefore a citizen of Delaware and New York for purposes of 28 U.S.C. §1332.

13. Defendant Craig W. Packer is a resident of Greenwich, Connecticut, domiciled in Connecticut, and a citizen of Connecticut for purposes of 28 U.S.C. §1332.

14. Defendant Edward D'Alelio is a resident of Hingham, Massachusetts, domiciled in Massachusetts, and a citizen of Massachusetts for purposes of 28 U.S.C. §1332.

15. Defendant Melissa Weiler is a resident of Charlottesville, Virginia, domiciled in Virginia, and a citizen of Virginia for purposes of 28 U.S.C. §1332.

16. Defendant Christopher M. Temple is a resident of Dallas, Texas, domiciled in Texas, and a citizen of Texas for purposes of 28 U.S.C. §1332.

17. Defendant Eric Kaye is a resident of Proctorsville, Vermont, domiciled in Vermont, and a citizen of Vermont for purposes of 28 U.S.C. §1332.

18. Defendant Victor Woolridge is a resident of Springfield, Massachusetts, domiciled in Massachusetts, and a citizen of Massachusetts for purposes of 28 U.S.C. §1332.

19. Defendant Jonathan Lamm is a resident of Passaic, New Jersey, domiciled in New Jersey, and a citizen of New Jersey for purposes of 28 U.S.C. §1332.

20. Defendant Matthew Swatt is a resident of White Plains, New York, domiciled in New York, and a citizen of New York for purposes of 28 U.S.C. §1332.

21. Defendant Shari Withem is a resident of Jersey City, New Jersey, domiciled in New Jersey, and a citizen of New Jersey for purposes of 28 U.S.C. §1332.

## **JURISDICTION**

22. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under Sections 11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§77k, 77l(a)(2), and 77o, and therefore present federal questions. *See* Compl. ¶¶124, 137, 148.

23. The Court independently has subject matter jurisdiction under CAFA, 28 U.S.C. §1332(d)(2), because each of CAFA's requirements are met here: (1) the proposed class contains at least 100 members; (2) at least one proposed class member is a citizen of a state different from at least one Defendant; and (3) the amount in controversy exceeds $5 million, exclusive of interest and costs.

24. First, the proposed class has more than 100 members. This requirement is satisfied where "the complaint plainly states that there are thousands of members." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). The Complaint does just that: "Plaintiff believes that there are thousands of members in the proposed Class." Compl. ¶118. Thus, without conceding liability, the appropriateness of class treatment, the appropriateness of Plaintiff's class definition,

or the validity of Plaintiff's claim for relief, the proposed class far exceeds 100 members for the purposes of CAFA.

25. Second, "minimal diversity" exists between the parties. CAFA requires only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2). Here, Plaintiff is a citizen of Oregon, and no Defendant is a citizen of Oregon. *Supra* ¶¶10-21. Therefore "minimal diversity" under Section 1332(d)(2) is satisfied.

26. Third, the amount in controversy exceeds $5 million. Without conceding liability, the appropriateness of class treatment, the appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claim for relief, as pled by Plaintiff, it is apparent that the amount in controversy exceeds $5 million. "In determining the amount in controversy, courts first turn to the allegations of the plaintiff's complaint." *Sorrentino v. ASN Roosevelt Ctr., LLC*, 588 F. Supp. 2d 350, 354 (E.D.N.Y. 2008). CAFA provides for the aggregation of each class member's claims in determining the amount in controversy. 28 U.S.C. §1332(d)(6). The putative class consists of the recipients of over 250 million shares, and Plaintiff alleges damages in excess of $7 per share. Compl. ¶¶26, 115, 117. Thus, the amount in controversy is in excess of $5 million.

## GROUNDS FOR REMOVAL

27. CAFA authorizes the removal of a "class action," as defined under Section 1332(d)(1), to federal court. *See* 28 U.S.C. §1453(b). Section 1332(d)(1) defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. §1332(d)(1). Plaintiff expressly invokes such a rule: "Plaintiff brings this action ***as a class action*** pursuant to CPLR article 9 on behalf of a class" of former OTF II shareholders. Compl. ¶116 (emphasis added). Thus, this case is removable under 28 U.S.C. §1453(b).

### A. None of the Three Exceptions to Removability Under CAFA Apply.

28. Under 28 U.S.C. §1453(d), CAFA removal does not apply to any class action that "solely involves" (1) "a claim concerning a covered security as defined under section 16(f)(3) of the Securities Act of 1933" and "section 28(f)(5)(E) of the Securities Exchange Act of 1934," (2) "a claim that relates to the internal affairs or governance of a corporation or other form of business enterprise and arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized," or (3) "a claim that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933...and the regulations issued thereunder)." 28 U.S.C. §1453(d) (internal citation omitted). None of the three exceptions applies here.[1]

29. ***First***, the claims here do not concern a "covered security." 28 U.S.C. §1453(d)(1). A "covered security" is a security "that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 18(b) of the Securities Act of 1933, at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred." *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 83 & n.9 (2006) (quoting 15 U.S.C. §78bb(f)(5)(E)). Section 18(b) defines a "covered security" to include only securities traded on a national exchange or those issued by "an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940." 15 U.S.C. §§77r(b)(1)-(2); *accord Dabit*, 547 U.S. at 83 & n.9.

---

[1] Identical exceptions to CAFA jurisdiction are codified at 28 U.S.C. §1332(d)(9). For the same reasons set forth herein, none of those exceptions applies. Nor are any of the other statutory exceptions to CAFA jurisdiction applicable here.

30. As the Complaint concedes, OTF shares were "not listed on any national securities exchange" at the time of the alleged misstatements or the challenged offering and exchange. Compl. ¶2. OTF shares were first listed on the New York Stock Exchange on June 12, 2025, and every challenged statement was made prior to the March 24, 2025 Merger. *Id*. Nor has OTF ever been registered, or registered any securities, under the Investment Company Act of 1940 ("ICA").

31. ***Second***, the internal affairs exception does not apply. Plaintiff's claims arise under the Securities Act, Compl. ¶¶123-152, not under the laws of the state of incorporation of OTF (or any other company). Section 1453(d)(2) therefore does not apply.

32. ***Third***, the security-terms exception does not apply. That exception is limited to claims "grounded in the terms of the security itself," and does not reach claims arising from the marketing of securities. *Estate of Pew v. Cardarelli*, 527 F.3d 25, 31-32 (2d Cir. 2008). Thus, Securities Act claims asserting shareholders' purported rights "as purchasers of…securities" fall outside this exception. *Owen v. Elastos Found.*, 438 F. Supp. 3d 187, 194 (S.D.N.Y. 2020). As in *Owen*, Plaintiff's claims are Securities Act claims arising from his "purchase[]" of OTF common stock, Compl. ¶45; they do not seek to enforce any term of the stock itself. Therefore Section 1453(d)(3) also does not apply.

**B. Section 22(a) of the Securities Act Is Not a Barrier to Removal Under CAFA.**

33. The Complaint alleges that "removal is barred by §22 of the Securities Act." Compl. ¶21. It is not. Courts in this District have held that "CAFA's removal provisions are not limited by Section 22." *Owen*, 438 F.Supp.3d at 190-91 (holding that this result is compelled by the Second Circuit's reasoning in *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86 (2d

Cir. 2004)). Because this action satisfies CAFA's requirements and falls within none of its exceptions, Section 22(a) poses no obstacle to removal.

**CONCLUSION**

WHEREFORE, Defendants respectfully remove the above-captioned action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated: New York, New York
November 3, 2026

Respectfully submitted,

*s/ Sandra C. Goldstein*

Sandra C. Goldstein, P.C.
Alexander J. Rodney, P.C.
Jacob M. Rae
Stephanie Taylor
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
sandra.goldstein@kirkland.com
alexander.rodney@kirkland.com
jacob.rae@kirkland.com
stephanie.taylor@kirkland.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify, pursuant to 28 U.S.C. §1746, that on this 3rd day of November 2026, I caused a true and correct copy of the foregoing Notice of Removal, and all exhibits thereto, to be served upon the following counsel for Plaintiff Randy Lewis via email and via first class mail:

Samuel H. Rudman
Joseph Russello
ROBBINS GELLER RUDMAN & DOWD, LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100
srudman@rgrdlaw.com
jrussello@rgrdlaw.com

*Attorneys for Plaintiff*

Dated: New York, New York
November 3, 2026

*s/ Sandra C. Goldstein*
Sandra C. Goldstein, P.C.
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
sandra.goldstein@kirkland.com

*Counsel for Defendants*