**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RANDY LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BLUE OWL TECHNOLOGY FINANCE CORP., CRAIG W. PACKER, EDWARD D'ALELIO, MELISSA WEILER, CHRISTOPHER M. TEMPLE, ERIC KAYE, VICTOR WOOLRIDGE, JONATHAN LAMM, MATTHEW SWATT, SHARI WITHEM, and BLUE OWL CAPITAL INC.,<br><br>Defendants. | Case No. 1:26-cv-9634-NRB |

**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING SCHEDULING AND EXTENDING DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT**

**WHEREAS,** on October 5, 2026, Plaintiff Randy Lewis ("Plaintiff"), filed the above-captioned action in New York State Supreme Court, County of New York (the "Action"), against defendants Blue Owl Technology Finance Corp., Craig W. Packer, Edward D'Alelio, Melissa Weiler, Christopher M. Temple, Eric Kaye, Victor Woolridge, Jonathan Lamm, Matthew Swatt, Shari Withem, and Blue Owl Capital Inc. ("Defendants" and, together with Plaintiff, the "Parties");

**WHEREAS,** on October 12 and 14, 2026, a process server engaged by Plaintiff effectuated service of process on defendants Blue Owl Capital Inc. and Blue Owl Technology Finance Corp., respectively, but no other defendant has been served;

**WHEREAS,** on November 3, 2026, Defendants removed the Action to this Court under the Class Action Fairness Act of 2005, 28 U.S.C. §1453(b);

**WHEREAS,** the process for providing notice and appointing lead plaintiff and lead counsel under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§77z-1, et seq., applies to this Action in this Court;

**WHEREAS,** the PSLRA requires a plaintiff who commences a securities class action to publish a notice, within 20 days of the filing of the action, that advises members of the purported class of the pendency of the action and their right to move the Court to serve as lead plaintiff of the purported class within 60 days of publication of the notice, *see* 15 U.S.C. §77z-1(a)(3);

**WHEREAS,** typically, after the lead plaintiff process is completed, the Court-appointed lead plaintiff, along with lead plaintiff's choice of counsel (as approved by the Court), will identify an operative complaint or file an amended complaint that becomes the operative complaint, and, pursuant to the PSLRA, all discovery is automatically stayed until the Court rules upon any motion to dismiss the operative pleading;

**WHEREAS,** Plaintiff has conferred with Defendants and communicated his intention to move to remand this Action, as well as to request that the Court adjourn the lead plaintiff process during the pendency of the forthcoming motion to remand;

**WHEREAS,** in light of the holiday season, the Parties agree to extend the briefing schedule for Plaintiff's forthcoming motion to remand and have not previously requested an extension of this schedule;

**WHEREAS,** the current briefing schedule for Plaintiff's forthcoming motion to remand is the default schedule under Local Civil Rule 6.1(b)(2) and (3), which would make Defendants' response due 14 days after Plaintiff files his motion and Plaintiff's reply due 7 days after Defendants' response;

Case 1:26-cv-09634-NRB Document 13 Filed 11/06/26 Page 3 of 5

**WHEREAS,** the Parties, through their respective undersigned attorneys, agree that, in the interests of judicial economy, Defendants should not be required to answer, move to dismiss or otherwise respond to the Complaint currently filed in this Action until the Court resolves Plaintiff's motion to remand and, if the Court denies the motion, appoints a lead plaintiff and lead counsel and lead plaintiff and lead counsel determine their operative pleading;

**NOW, THEREFORE,** the undersigned Parties to this Action, by their respective undersigned attorneys, **STIPULATE** and **AGREE**, subject to approval by the Court, that:

1. All Defendants who have not yet been served with process hereby accept service of the Complaint, without prejudice to any defenses they may have other than any defense based on the insufficiency of service.

2. The following briefing schedule will apply to Plaintiff's motion to remand: (i) Plaintiff will file his motion by December 3, 2026, (ii) Defendants will file their response to the motion by January 8, 2027, and (iii) Plaintiff will file his reply by January 22, 2027.

3. The time for Defendants to answer, move to dismiss, or otherwise respond to the Complaint shall be extended until after (i) the denial of any motion to remand, (ii) the appointment of lead plaintiff and lead counsel pursuant to the PSLRA, (iii) the lead plaintiff serves or designates an operative complaint, and (iv) Defendants and lead plaintiff agree to a schedule for Defendants to respond to the operative complaint and a schedule for any anticipated briefing.

4. The process contemplated by the PSLRA, which requires the publication of notice and the Court's appointment of lead plaintiff and lead counsel, is adjourned pending the Court's determination of any motion to remand and, if such motion is denied, Plaintiff shall publish notice under the PSLRA within five business days thereafter.

Case 1:26-cv-09634-NRB Document 13 Filed 11/06/26 Page 4 of 5

5. The operative pleading, and the due date for Defendants to respond to that pleading, will be set after the Court appoints a lead plaintiff and lead counsel if it denies Plaintiff's motion to remand. After the appointment of a lead plaintiff and lead counsel, the parties will confer in good faith about a proposed schedule for the filing of an amended complaint or the designation of an operative complaint, and the time for Defendants to answer, move to dismiss, or otherwise respond to that complaint.

6. Nothing herein shall be deemed to constitute a waiver of any rights, defenses (other than those directed to service of process), objections, or any other application to any court that any party may have with respect to the claims set forth in the Complaint already filed in this Action.

Dated: November 6, 2026

By: */s/ Joseph Russello*
Samuel H. Rudman
Joseph Russello
**ROBBINS GELLER RUDMAN & DOWD LLP**
58 South Service Road
Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
srudman@rgrdlaw.com
jrussello@rgrdlaw.com

Adam E. Polk (*pro hac vice* forthcoming)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
apolk@girardsharp.com

Paul D. Malmfeldt (*pro hac vice* forthcoming)
**MALMFELDT LAW GROUP P.C.**
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 606-8625
pdm@malmfeldt.com

*Counsel for Plaintiff*

By: */s/ Sandra C. Goldstein*
Sandra C. Goldstein, P.C.
Alexander J. Rodney, P.C.
Jacob M. Rae
Stephanie Taylor
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4779
sandra.goldstein@kirkland.com
alexander.rodney@kirkland.com
jacob.rae@kirkland.com
stephanie.taylor@kirkland.com

*Counsel for Defendants*

Case 1:26-cv-09634-NRB Document 13 Filed 11/06/26 Page 5 of 5

SO ORDERED

Date: November 10, 2026

Naomi Reice Buchwald
The Honorable Naomi Reice Buchwald
United States District Judge